Unsealed 6/9/2010 ~~Sealed~~

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

**10-21788**



CIV - COOKE
MAGISTRATE JUDGE
BANDSTRA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | |
| Plaintiff, | **COMPLAINT FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF** |
| v. | |
| FEREIDOUN "FRED" KHALILIAN, and | |
| THE DOLCE GROUP WORLDWIDE, LLC, a limited liability company, | |
| Defendants. | |

FILED by _____ D.C.

JUN 0 2 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

Plaintiff, the Federal Trade Commission ("FTC"), for its Complaint alleges:

1. The FTC brings this action under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to obtain temporary, preliminary, and permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief for Defendants' acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a) and 53(b).

3. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 15 U.S.C. § 53(b).

1/tpe

## PLAINTIFF

4. The FTC is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41-58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce.

5. The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and to secure such equitable relief as may be appropriate in each case, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies. 15 U.S.C. §§ 53(b), 56(a)(2)(A)-(B), 57b.

## DEFENDANTS

6. Defendant The Dolce Group Worldwide, LLC d/b/a My Car Solutions, iCost Direct, and Insurance Cost Direct ("TDGW" or "My Car Solutions"), is a Florida limited liability company with its principal place of business at 80 SW 8th St., 19th Floor, Suite 1915, Miami, FL 33130. TDGW transacts or has transacted business in this district and throughout the United States.

7. Defendant Fereidoun "Fred" Khalilian ("Khalilian") is the manager and *de facto* principal of The Dolce Group Worldwide, LLC. At times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint, including by hiring employees, contracting with robocall companies, writing telemarketing scripts, and directing telemarketers. In connection with the matters alleged herein, Khalilian transacts or has transacted business in this district and throughout the United States.

## COMMERCE

8. At all times material to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' BUSINESS ACTIVITIES

9. From at least early 2009, Defendants have deceptively marketed and sold purported "extended auto warranties" by making misrepresentations, including that My Car Solutions is calling from, or on behalf of, the manufacturer or dealer of the consumer's vehicle.

10. My Car Solutions contacts consumers through "robocalls" – prerecorded telephone messages. Consumers who answer these calls hear a brief prerecorded message typically warning them that their automobile warranty is about to expire and instructing them to "press one" to speak to someone. When consumers "press one," they are transferred to My Car Solutions telemarketers who identify themselves as the "service contract department." Without mentioning My Car Solutions, the telemarketers follow a script and ask consumers to "verify" the year, make, and model of their cars and to "confirm" their zip code. They also refer to the "status" of consumers' original factory warranties, inform them that their "account[s]" are "on final notice," and tout an "opportunity to extend your auto protection plan." These statements aim to convince consumers that My Car Solutions is affiliated with their manufacturer or dealer.

11. In truth, My Car Solutions is not affiliated with any car manufacturers or dealers and has no information on file about consumers, their cars, or their warranties.

12. In fact, before My Car Solution's telemarketers connect with each consumer, they look at the consumer's telephone number, which is displayed on their computer screen, and type

3

it into an online white pages directory to obtain the consumer's name so that they can refer to the consumer by name during the call.

13. Telemarketers transfer consumers interested in purchasing a warranty to so-called "senior specialists," with statements such as "I will transfer you to a representative of the Ford manufacturer" or "I will put the Ford specialist on the line." These "specialists" make additional misrepresentations that My Car Solutions is or is affiliated with a car dealer or manufacturer, such as, "I'm from your authorized Honda dealer," or "I'm from Honda."

14. For example, one specialist went to great lengths to convince a consumer he was calling from Volkswagen. He conferenced the local Volkswagen dealer into the call and, when the dealer said that Volkswagen did not offer such an extended warranty, the My Car Solutions representative insisted that he was the Volkswagen manufacturer so he could make the offer.

15. When consumers receive the warranties in the mail from My Car Solutions, often several weeks after purchase, they learn that My Car Solutions has no affiliation with their car manufacturer or dealer.

16. They also learn that, contrary to representations made by My Car Solutions telemarketers, the warranties have significant restrictions. Indeed, My Car Solutions representatives state that coverage includes "the entire engine," but the warranties expressly exclude certain components of the engine. Moreover, in numerous instances salespeople tell consumers that the warranty protects the entire car ("bumper to bumper") or that it covers whatever parts the consumer specifically asks about.

17. For example, one consumer was assured a warranty would cover her car's struts, only to learn from her mechanic after purchasing the warranty that it does not. Another representative told a consumer that the warranty would cover his malfunctioning power seats,

4

but upon receiving the warranty he discovered that it expressly excludes coverage of preexisting conditions.

18. In numerous instances, consumers who attempt to cancel the warranty and recover their money are forced to go through a burdensome process. They frequently have difficulty reaching someone at My Car Solutions and, when they do, receive onerous and conflicting cancellation instructions.

19. In addition, in numerous instances My Car Solutions tells consumers that they cannot obtain a refund because more than 30 days have passed, even if the consumer did not receive the warranty packet within that time period.

20. Consumers pay Defendants between $1300 and $2845 for each warranty.

## THE FTC ACT

21. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

22. Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## VIOLATIONS OF THE FTC ACT

### COUNT ONE

23. In numerous instances Defendants have represented, directly or indirectly, expressly or by implication, that:

    (1)    they are calling from or on behalf of consumers' car dealers or manufacturers;

    (2)    Defendants know that consumers' original auto warranties are about to expire;

5

  (3) they sell extensions of consumers' original warranties; and

  (4) the products they sell provide complete and/or specified coverage for automobile repair.

24. In truth and in fact, Defendants

  (1) are not calling from or on behalf of consumers' car dealers or manufacturers;

  (2) do not know if consumers' original auto warranties are about to expire;

  (3) do not sell extensions of consumers' original warranties; and

  (4) sell products with numerous coverage restrictions including exclusions for specified repairs they tell consumers are covered.

25. Therefore, Defendants' representations as set forth in Paragraph 23 are false and misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## CONSUMER INJURY

26. Consumers have suffered and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act. In addition, Defendants have been unjustly enriched as a result of their unlawful acts or practices. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

27. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of the FTC Act. The Court, in the exercise of its equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid,

and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

## PRAYER FOR RELIEF

Wherefore, Plaintiff FTC, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. §§ 53(b), and the Court's equitable powers, requests that the Court:

A.     Award Plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief, including, but not limited to, temporary and preliminary injunctions, an order freezing assets, immediate access, and the appointment of a receiver;

B.     Enter a permanent injunction to prevent future violations of the FTC Act by Defendants;

C.     Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act, including, but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies; and

D. Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Dated: June 2, 2010                                     Respectfully submitted,

WILLARD K. TOM
General Counsel

_____
Melinda A. Claybaugh, #A5501465
Carmen L. Christopher, #A5501466
Federal Trade Commission
Division of Enforcement
600 Pennsylvania Ave., NW
Suite M-8102B
Washington, DC 20580
mclaybaugh@ftc.gov; (202) 326-2203
cchristopher@ftc.gov; (202) 326-3643
(202) 326-2558 (facsimile)

*Attorneys for Plaintiff Federal Trade Commission*

%JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)  **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
Federal Trade Commission

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

Melinda Claybaugh and Carmen L. Christopher, Federal Trade Commission, 600 Pennsylvania Avenue, NW, M8102-B, Washington, DC 20580, (202) 326-2203 or (202) 326-3643

Dade 10-21788 civ Cooke/Bandstra

## DEFENDANTS
Fereidoun "Fred" Khalilian, and The Dolce Group Worldwide, LLC, a limited liability corporation, d/b/a My Car Solutions

County of Residence of First Listed Defendant  Miami-Dade
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

10-21788 CIV-COOKE MAGISTRATE JUDGE BANDSTRA

(d) Check County Where Action Arose: ✓ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

✓ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  |  | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability |  | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ✓ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | IMMIGRATION |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee |  |  |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☐ YES ☐ NO
JUDGE _____    DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

Federal Trade Commission Act, 15 USC 45; action to enjoin deceptive acts and practices in commerce

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ✓ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE 6/2/2010

FOR OFFICE USE ONLY
AMOUNT _____  RECEIPT # _____  IFP _____

(Rev. 06/2005)Sealed Document Tracking Form

# UNITED STATES DISTRICT COURT
## Southern District of Florida

Case Number: _____

Federal Trade Commission

Plaintiff

v.

Fereidoun "Fred" Khalilian, et al.

Defendant

**10-21788**
**CIV - COOKE**
**MAGISTRATE JUDGE BANDSTRA**

## SEALED DOCUMENT TRACKING FORM

*Party Filing Matter Under Seal*

Name: Federal Trade Commission
Address: 600 Pennsylvania Avenue, NW, Mailstop M-8102B, Washington DC 205
Telephone: (202) 326-2203; (202) 326-3643

On behalf of (select one):    ☒ Plaintiff    ☐ Defendant

Date sealed document filed: 6/2/2010

If sealed pursuant to statute, cite statute: _____

If sealed pursuant to previously entered protective order, date of order and docket entry number: ____

The matter should remain sealed until:

☐ Conclusion of Trial             ☐ Arrest of First Defendant
☐ Case Closing                    ☐ Conclusion of Direct Appeal
☒ Other:  for five (5) days or until Plaintiff notifies the Court that the seal is no longer needed, whichever occurs first.
☐ Permanently. Specify the authorizing law, rule, court order: ____

The moving party requests that when the sealing period expires, the filed matter should be (select one):

☒ Unsealed and placed in the public portion of the court file        ☐ Destroyed
☐ Returned to the party or counsel for the party, as identified above

Attorney for: Plaintiff